

**SO ORDERED.**

**SIGNED this 13 day of April, 2010.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 09-50194-JDW |
| JAMES FERRELL LOVVORN, JR. and | ) | |
| SANDRA DIANE LOVVORN, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

| | |
|---|---|
| For Debtors: | Elizabeth L. McBrearty<br>Post Office Box 839<br>Macon, Georgia 31202 |
| For Kenneth C. Bazemore: | Wesley J. Boyer<br>355 Cotton Avenue<br>Macon, Georgia 31201 |

**MEMORANDUM OPINION**

This matter comes before the Court on Debtors' motion to avoid a judgment lien and Kenneth Bazemore and KCB Enterprises, Inc.'s objection to exemptions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A), (K). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtors James and Sandra Lovvorn and nondebtor Kenneth Bazemore are former associates in an auto body repair shop and truck liner business. Mr. Bazemore primarily provided funding, while Mr. Lovvorn provided both funding and industry expertise. After the business failed, Debtors filed a joint Chapter 7 petition. Their schedules listed Mr. Bazemore as holding a judgment lien for $15,000. In addition, in Schedule C, Debtors claimed several exemptions under Georgia's "wildcard" exemption, as follows:

- an exemption of $2,500 for Mr. Lovvorn's tools, which they valued at $2,500;
- an exemption of $350 for a lawn mower and lawn tools, which they valued at $350;
- an exemption of $131 for a checking account, which they valued at $131;
- an exemption of $1,800 for a life insurance policy, which they valued at $1,800;
- an exemption of $250 for a utility trailer, which they valued at $250;
- an exemption of $16,169 for a checking account, which they valued at $18,500.

Debtors filed a motion to avoid Mr. Bazemore's judgment lien on the ground it impairs their exemptions. In response, Mr. Bazemore and KBC Enterprises, Inc. filed an objection to

2

Debtors' exemptions, contending Debtors undervalued Mr. Lovvorn's tools–which are tools used in the auto body repair business–and, based on the actual value of the tools, Debtors cannot exempt the tools in full.

The Court held a hearing on the motion to avoid the judgment lien and on the objection to exemptions on March 31, 2010. The hearing was held in conjunction with a trial to determine dischargeability of debts owed to Mr. Bazemore,[1] which will be the subject of a separate opinion and order. After considering the evidence and arguments presented at the hearing, the Court will grant Debtors' motion to avoid the lien and will overrule Mr. Bazemore's objection to exemptions.

## Conclusions of Law

Debtors seek to avoid Mr. Bazemore's judgment lien as impairing their exemptions pursuant to Bankruptcy Code § 522(f)(1), which provides as follows:

> the debtor may avoid the fixing of lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
> (A) a judicial lien ...[.]

11 U.S.C. § 522(f)(1). The parties do not dispute that Mr. Bazemore's lien fits within the statute. Therefore, his lien cannot attach to any property Debtors properly claim as exempt.

Mr. Bazemore contends Debtors have claimed exemptions in excess of those allowed by law. The exemptions available to Georgia bankruptcy debtors are set forth in Official Code of Georgia § 44-13-100 (2002). Georgia allows a limited exemption in any property of the debtor, commonly referred to as the "wildcard." The wildcard exemption allows a debtor to exempt his

---

[1] Bazemore v. Lovvorn, Adv. No. 09-5046.

interest in any property up to $600 plus up to $5,000 of any unused exemption in his residence.[2]  In this case, Debtors did not claim any residence exemption, so each is entitled to a wildcard exemption of up to $5,600 or $11,200 total.

Among the property Debtors claimed as exempt under the wildcard provision was $16,169 in a checking account.  This money, by itself, exceeds the wildcard limit.  However, at the hearing, Debtors explained the money is proceeds from a disability payment, which can be exempted in full pursuant to O.C.G.A. § 44-13-100(a)(2)(C).[3]  Mr. Bazemore did not challenge this explanation.  Therefore, the Court will deem the checking account as exempt pursuant to § 44-13-100(a)(2)(C) and will not include it in the calculation of the wildcard exemption.  Debtors' remaining wildcard exemptions are $2,500 for automotive tools,[4] $350 for a riding lawn mower and lawn tools, $131 for a checking account, $1,800 for a life insurance policy, and $250 for a utility trailer.  These total $5,031, and are well within the amount available under the wildcard exemption.

Mr. Bazemore contends the tools, which Debtors valued at $2,500, are worth closer to $30,000 to $40,000.  As the party objecting to the exemptions, Mr. Bazemore has the burden to

---

[2] "[A]ny debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property: ... (6) The debtor's aggregate interest, not to exceed $600.00 in value plus any unused amount of the exemption, not to exceed $5,000.00, provided under paragraph (1) of this subsection, in any property[.]" O.C.G.A. § 44-13-100(a)(6).

[3] The debtor may exempt his "right to receive: ... (C) A disability, illness, or unemployment benefit[.]" O.C.G.A. § 44-13-100(a)(2)(C).

[4] Some question was raised during the hearing about the availability of an exemption for tools of the trade.  The Court notes that Georgia law allows an exemption of $1,500 for "any implements, professional books, or tools of the trade of the debtor ...." O.C.G.A. § 44-13-100(a)(7).

4

prove Debtors' exemptions are improper or invalid. Fed. R. Bankr. P. 4003(c). Several witnesses presented by Mr. Bazemore testified as to the approximate cost of purchasing various tools new. However, Debtors provided undisputed testimony that Mr. Lovvorn has owned most of the tools for several years–decades, in some cases. Thus, the evidence about the value of new tools is unhelpful for determining the value of the used tools at issue. In fact, Mr. Bazemore has proved nothing with regard to the value of used tools in the hands of Debtors that would allow the Court to reject Debtors' valuation. Therefore, the Court will overrule Mr. Bazemore's objection to exemptions and find Debtors' exemptions are valid.

In summary, Mr. Bazemore has failed to prove the invalidity of any exemptions claimed by Debtors. As a result, his judgment lien will be avoided to the extent it impairs any exemptions claimed by Debtors on Schedule C.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT